UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PSYCHOPATHIC RECORDS, INC.,

    Plaintiff,                                    Case No. 08-cv-15034

v.                                          HONORABLE STEPHEN J. MURPHY, III

JEFFERY S. ANDERSON,

    Defendant.
                                            /

**OPINION AND ORDER GRANTING
PLAINTIFF'S RENEWED MOTION FOR DEFAULT
JUDGMENT** (docket no. 18) **AND DENYING DEFENDANT'S
VARIOUS MOTIONS AND REQUESTS** (docket nos. 14, 17, 19, 24, & 26)

This is an intellectual property dispute brought by a recording company against pro se defendant Jeffery Anderson. Before the Court are plaintiff Psychopathic Records, Inc.'s ("Psychopathic") renewed motion for default judgment, and Anderson's various motions and requests. For the reasons stated below, the Court grants Psychopathic's renewed motion for default judgment and denies all of Anderson's motions and requests.

**PROCEDURAL HISTORY**

The facts underlying this dispute were set forth in the Court order of August 24, 2009. Anderson was declared in default on January 9, 2009. Psychopathic filed a motion for default judgment, which the Court denied. Order of August 24, 2009, at 2-3. The Court denied the motion because Psychopathic had requested money damages, yet failed to provide any evidence of damages, and because Psychopathic had failed to demonstrate that it was entitled to the relief it sought. On the latter point, the Court concluded that Psychopathic's copyright claims were predicated on the theory that its copyright in the sound recording of "Tales from the Lotus Pod" also conferred on it a copyright interest in

the artwork appearing on the album's cover, specifically the Lotus Cross design. The Court concluded that this theory of ownership required further elaboration and invited Psychopathic to renew its motion. The order required that any renewed motion should be accompanied by "a full explanation of the legal theories on which their claims rely, and of how these theories relate to the facts of this case . . . ." *Id.* at 3.

Psychopathic has renewed its motion. It has expressly withdrawn its request for damages and attorney fees, and asks for the following: 1) a declaration that Anderson lacks any valid claim of ownership or other rights to any copyrightable subject matter claimed or embodied in his copyright registration (Registration no. VAu 738-615 or '615 Registration); 2) a declaration that Anderson's copyright registration is invalid because it does not comply with the provisions and requirement of U.S. copyright law and should be cancelled before the U.S. Copyright Office; and 3) an order enjoining Anderson from making statements contrary to the Court's declarations.[1] Pl.'s Mot. 2, 4.

**DISCUSSION**

I. <u>Psychopathic's Renewed Motion for Default Judgment</u>

The remaining issue before the Court with respect to Psychopathic's renewed default judgment motion is whether Psychopathic has adequately demonstrated a right to the relief it seeks.[2] Anderson's status in default does not, solely for that reason, entitle Psychopathic

---

[1] The complaint asserts trademark claims against Anderson. Psychopathic's original motion for default judgment contained argument regarding its trademark claims, but the argument was wholly conclusory and unhelpful. Its renewed motion contains no argument supporting the trademark claims. The Court construes this absence of any support as a tacit withdrawal of its trademark claims.

[2] The Court has concluded in its discretion that, provided Psychopathic is legally entitled to the relief it seeks, a default judgment should be entered in its favor. The Court implicitly made this finding in its order denying the original motion. It now makes that finding and reasoning explicit. A district court considers the following factors in determining whether to enter a default judgment: 1) possible prejudice to the plaintiff; 2) the merits of the

to a default judgment. *See* 10A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). The moving party must demonstrate an entitlement to relief.

Psychopathic asks the Court to declare that Anderson's '615 Registration is invalid and should be cancelled before the U.S. Copyright Office. It does not ask the Court to declare that Anderson's design *infringes* Psychopathic's Lotus Cross design, nor could it, since it does not have a copyright registration for the Lotus Cross design.[3] *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241-42 (2010); *Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 630 (6th Cir. 2001)

---

plaintiff's claim; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) the possibility of a dispute concerning material facts; 6) whether the default was due to excusable neglect, and 7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004) (addressing the first four factors). Psychopathic would suffer prejudice were the Court not to grant default judgment. During the pendency of this case, Anderson has not filed a proper response to the complaint. Were the Court to dismiss the case without prejudice rather than issue a default judgment, it is unlikely that Anderson would properly answer the complaint were Psychopathic to sue him again. Psychopathic's remaining options for obtaining relief would be non-existent. There is no money at stake in this case. There may exist a dispute over who created the design first, but that dispute is not genuine. Anderson contends he created the design in 1999, before Psychopathic did. *See* docket no. 9. But Anderson's registration certificate indicates that he created it in 2005. The certificate is prima facie evidence of this fact. *See* 17 U.S.C. § 410(c). Anderson's default was willful, and not the result of excusable neglect. The second and third factors, which also weigh in favor of granting default judgment, are discussed below.

[3] Psychopathic's original motion for default judgment contained, perhaps inadvertently, a brief discussion of copyright infringement.

("With very limited exceptions not relevant here, registration is a prerequisite to filing a copyright infringement suit."), *abrogated on other grounds by* Muchnick, 130 S. Ct. 1237.

A registration may be invalid if, among other reasons, the copyrighted material lacks originality and was therefore not subject to copyright protection in the first place.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) ("The *sine qua non* of copyright is originality."); *see also Mon Cheri Bridals, Inc. v. Wen Wu*, No. 09-1239, 2010 WL 2222497, *2 (3d Cir. June. 4, 2010) (unpublished) (addressing invalidity claim based on lack of originality).  The introduction of a certificate of registration from the Copyright Office is prima facie evidence of validity and of the facts stated in the certificate.  *See* 17 U.S.C. § 410(c).  A copy of Anderson's copyright registration is attached to the complaint.

To succeed on its claim of invalidity, therefore, Psychopathic must demonstrate that Anderson's design, embodied in the '615 Registration, is not original.  "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."  *Feist*, 499 U.S. at 346.  Originality is not the same as novelty, and a work may be original even though it closely resembles other works, so long as the similarity is fortuitous and not the result of copying.  *Id.*

Psychopathic contends that Anderson's design is merely a copy of Psychopathic's Lotus Cross design and not original.  Psychopathic does not possess a copyright registration for the design, but the design is nevertheless subject to copyright protection.[4]  *See* 17 U.S.C. § 408(a) ("registration is not a condition of copyright protection."); *see also*

---

[4] Although not mentioned in the motion or brief, it is this proposition of law on which Psychopathic relies; it does not rely on the theory that it accrued a copyright ownership in the design by way of its copyright in the sound recording on the cover of which the design initially appeared.

4

5 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 21.01[F], 21-36 (2010) ("[R]egistration is not a condition of copyright protection."). "Copyright protection subsists from the time the work is created in fixed form. The copyright in the work of authorship immediately becomes the property of the author who created the work." *Id. at* 21-27. Psychopathic alleged in its complaint that it created the Lotus Cross design -- and thus received copyright protection for the design -- as early as July 23, 2002, when the design was published on the cover of the album "Tales from the Lotus Pod." Compl. ¶ 6. According to the '615 Registration itself, Anderson created his design in 2005, nearly three years after Psychopathic created the design. Compl. ¶ 14 & Ex. E. Psychopathic's allegations that Anderson merely copied the design, *see* Compl. ¶¶ 28, 38 ("[Anderson] has illegally and without permission copied [Psychopathic's] LOTUS CROSS design and claimed it at [sic] his own in the '615 Registration."), are deemed true in light of Anderson's default. S*ee Ford Motor Co v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006).[5] Because Anderson's design is a copy of Psychopathic's Lotus Cross design, it lacks originality, and is therefore not subject to copyright protection. The '615 Registration was improvidently granted.

Having found Anderson's design unoriginal and not subject to copyright protection, the Court must determine whether Psychopathic is entitled to the remedy it seeks. Psychopathic asks first for a declaration that Anderson lacks any valid claim of ownership in or other rights to the Lotus Cross design, and that his '615 Registration is invalid and should be cancelled before the U.S. Copyright Office. The Court will grant this request pursuant to the authority it has under the Declaratory Judgment Act, 28 U.S.C. § 2201(a),

---

[5] Moreover, a cursory comparison between the two demonstrates this fact by a preponderance of the evidence.

5

which provides that a district court may "declare the rights and other legal relations of any interested party seeking such declaration." *Id.* The declaration shall be embodied in a final judgment.

In addition, Psychopathic seeks an injunction preventing Anderson from making any statements to third parties that he has rights in the Lotus Cross design. 17 U.S.C. § 502(a) authorizes district courts to grant injunctions deemed "reasonable to prevent or restrain infringement of a copyright." Although Psychopathic has not brought an action for infringement in this case, the Court may still enjoin Anderson under § 502(a) from making statements that he has a copyright in the Lotus Cross design, because the Court finds an injunction is a reasonable remedy fashioned to prevent infringement. *See Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) ("The power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action." (citing *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984)); *accord Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1154 n.1 (9th Cir. 2007).

To obtain a permanent injunction, a plaintiff must demonstrate 1) that it has suffered an irreparable injury; 2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) that the public interest would not be disserved by a permanent injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also id.* at 392-93 ("[T]his Court has consistently rejected various invitations to replace traditional equitable considerations with a rule than an injunction automatically follows a determination that a copyright had been infringed."); 17 U.S.C. § 502(a) (courts "may" issue injunctions). The decision rests within

a court's equitable discretion. *Id.* at 934.  In exercising its discretion, however, a court does not write on a clean slate or "on a whim," and should be mindful of the long-standing historical practice of granting injunctive relief upon a finding of infringement in the vast majority of cases. *Id.* at 395 (Roberts, C.J., concurring).

Anderson has in the past made statements to a web hosting service that he has rights to the Lotus Cross design superior to Psychopathic's by virtue of the '615 Registration. Compl. ¶ 20 & ex. G.  The hosting service, on the basis of Anderson's statements, threatened to remove Psychopathic's ability to process sales of goods bearing the design on the website www.hatchetgear.com unless Psychopathic removed the goods immediately. *Id.*  Psychopathic does not allege that the hosting service ever removed Psychopathic's ability to sell goods on www.hatchetgear.com, but alleges a reasonable fear of such action in the future. *Id.* ¶ 21.

Although Psychopathic's brief contains no discussion of how the four-factor test applies here, the Court concludes that a permanent injunction is warranted.  Anderson's continued assertions to third parties that he owns the copyright to the Lotus Cross design has already caused, and will continue to cause, irreparable harm to Psychopathic, especially since Anderson possesses a certificate of registration supporting his claim of right.  Money damages resulting from any future false statements regarding the Lotus Cross design are incapable of calculation, and thus an award of damages would be inadequate.  The balance of hardships tilts in Psychopathic's favor since it is easier for Anderson to comply with an injunction than it is for Psychopathic to have to continually seek damages from various courts as a result of Anderson's false statements regarding ownership of the design.  Finally, the public interest is served by preventing the dissemination of false information regarding the ownership rights in the Lotus Cross design,

7

and by promoting the arts by protecting Psychopathic's copyright in the Lotus Cross design. U.S. Const. art. I, § 8, cl. 8. The Court will therefore grant the requested injunction.

II. Anderson's Various Motions and Requests

As stated above, Anderson has filed various motions and requests in which he asks the Court to enter judgment in his favor and order Psychopathic to deliver to him all goods bearing the Lotus Cross design so that they may be destroyed. He also asks for his lost profits. Anderson has never filed a pleading in this case that would support the relief he seeks. Moreover, Anderson has already been declared in default and cannot now contest the veracity of the well-pleaded facts in the complaint without having the default set aside, which Anderson has never requested the Court do. For the reasons stated above, these uncontested facts demonstrate that Psychopathic has a copyright in the Lotus Cross design and that Anderson lacks any sort of rights in the design or works derived therefrom. Accordingly, he is not entitled to the relief he seeks. His motions and requests will be denied.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's renewed motion for default judgment (docket no. 18) is **GRANTED.**

The Court **DECLARES** as follows:

(1) Jeffery Anderson lacks any valid claim of ownership or other rights to any copyrightable subject matter claimed or embodied within U.S. Copyright Registration VAu 738-615 for the "Lotus Cross" design.

(2) Because Jeffery Anderson lacks any valid claim of ownership or other rights to any copyrightable subject matter claimed or embodied within any of the '615 Registration, the '615 Registration is invalid since it does not comply with the provisions and requirements

8

of the U.S. Copyright Act, and otherwise interferes with the Plaintiff's exclusive rights to prepare derivative works, and should therefore be cancelled before the U.S. Copyright Office.

**IT IS FURTHER ORDERED THAT** Jeffery Anderson is **ENJOINED** as follows:

Jeffery Anderson shall not make any further statements or representations to any third party that a) states, suggests, or implies that Anderson possesses or owns any type of right to the subject matter of the '615 Registration which is superior to the legal rights enjoyed by Psychopathic Records, Inc.; b) asserts any aspect of the '615 Registration to restrict, inhibit, or impede Psychopathic Records, Inc.'s lawful business and transactions to offer, sell, and provide the LOTUS CROSS copyright and design to third parties; c) asserts that Anderson somehow possesses or owns rights in the '615 Registration which are superior to the rights owned and/or enjoyed by Psychopathic Records or that Psychopathic Records is somehow infringing alleged rights possessed by Anderson in the '615 Registration.

**IT IS FURTHER ORDERED THAT** Defendant's motions and requests (docket nos. 14, 17, 19, 24, & 26) are **DENIED.**

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: November 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 10, 2010, by electronic and/or ordinary mail.

Alissa Greer  
Case Manager